UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NICHOLAS HEITKAMP, | |
| Plaintiff, | Civil No. 22-1689 (JRT/DJF) |
| v. | |
| UNITED STATES OF AMERICA,[1] | **MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | |

Nicholas Hietkamp, 5155 Excelsior Boulevard, Number 319, Saint Louis Park, MN 55416, *pro se* Plaintiff.

Bahram Samie, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendant.

Plaintiff Nicholas Heitkamp filed a complaint against the United States Postal Service, alleging that his mail was opened and stapled in violation of federal law. The United States filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, as well as Federal Rule of Civil Procedure 4(m) for failure to complete service under Rule 4(i). Because the Court concludes that

---

[1] The United States of America has been substituted in place of the United States Postal Service pursuant to 28 U.S.C. § 2679(a).

Heitkamp did not properly serve the United States Postal Service, Rule 4(m) requires that the complaint be dismissed.[2]

## BACKGROUND

On May 19, 2022, Heitkamp filed a Statement of Claim in Hennepin County Conciliation Court against the United States Postal Service (USPS). Heitkamp alleges that someone opened the mail in his P.O. Box in April 2022. (Pl.'s Statement of Claim at 3, 4, June 29, 2022, Docket No. 1-1.) According to Heitkamp, his mail was opened, cut, and stapled in violation of federal law. (*Id.* at 4.) Heitkamp filed a claim against the USPS for $15,070.00. (*Id.*)

The USPS received a notice via United States Mail that Heitkamp filed this action. (Notice of Removal of Action to Fed. Ct. at 1, June 29, 2022, Docket No. 1.) Heitkamp did not serve the United States Attorney General or the United States Attorney for the District of Minnesota at that time. (*Id.*) Shortly thereafter, the USPS removed the action to federal court pursuant to 28 U.S.C. § 1442(a)(1), which provides that any civil action commenced against the United States, or agency thereof, may be removed to the district court of the United States for the district and division embracing the place where the case is pending. (*Id.* at 2.)

---

[2] Because the Complaint must be dismissed under Federal Rules of Civil Procedure 4(m), the Defendant's subject matter jurisdiction challenge is moot. If Heitkamp refiles this action and properly serves the Defendant, a subject matter jurisdiction challenge would then be proper.

The United States made several attempts to contact Heitkamp and inform him that he did not properly serve the USPS. The USPS met and conferred with Heitkamp by telephone to discuss dismissing the matter in early July 2022. (Meet & Confer Statement, July 29, 2022, Docket No. 12.) The USPS followed up with emails on July 5, July 11, and July 21 but received no response. On July 12, 2022, an Assistant United States Attorney wrote Heitkamp a letter stating that Heitkamp had failed to properly serve the USPS the summons and complaint and detailed the Federal Rule of Civil Procedure 4(i) requirements to serve a federal agency. (Ltr. from Bahram Samie, United States Attorney's Office for the District of Minnesota, to Nicholas Heitkamp at 1 (July 12, 2022), July 29, 2022, Docket No. 10-1.) The letter included the addresses to which Heitkamp needed to send the summons and complaint by certified or registered mail. (*Id.*) Heitkamp neither responded to the letter nor sent the required documents.

On July 29, 2022, the USPS filed this Motion to Dismiss, arguing that (1) the Court lacks subject matter jurisdiction and, (2) if Heitkamp did not properly serve the USPS by August 17, 2022, that the Court should dismiss the case pursuant to Federal Rule of Civil Procedure 4(m).[3] (Mem. Supp. Mot. Dismiss at 1, July 29, 2022, Docket No. 8.) On August

---

[3] Heitkamp never responded to the Motion to Dismiss. Local Rule 7.1(c)(2) provides that the non-moving party must file and serve its response within 21 days after the filing of a dispositive motion, such as a motion to dismiss. *See* Local Rules 7.1(c)(2), 7.1(c)(8)(B). If a party fails to timely file and serve a memorandum of law, the Court may take any action that the Court considers appropriate. Local Rule 7.1(g). Though the Court could consider USPS' Motion to Dismiss uncontested, the Court will consider it on the merits in light of Heitkamp's *pro se* status.

1, 2022, the Magistrate Judge ordered that Heitkamp contact chambers to schedule a pretrial conference within 30 days.  (Order for Party to File Document/Respond to Court, Aug. 1, 2022, Docket No. 15.)  The Order explained that failure to comply with it "shall subject the noncomplying party . . . to any and all appropriate remedies, sanctions and the like, including . . . complete or partial dismissal with prejudice." (*Id.*)  Heitkamp did not contact the Court to schedule the pretrial conference.

To date, Heitkamp has not yet contacted or filed any documents with the Court.  Further, he has not served copies of the summons and complaint to the required government offices.  (Decl. Samie, July 29, 2022, Docket No. 10.)

**DISCUSSION**

The Court must dismiss Heitkamp's complaint for failure to complete proper service under Federal Rule of Civil Procedure 4(m).  Properly effected service of process is a fundamental element to any lawsuit.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  Defects in service of process are jurisdictional in nature.  "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993).  Moreover, the "mere fact that a defendant has received actual notice of the pending action is not sufficient if there has not been compliance with the plain requirements" of Federal Rules of Civil Procedure Rule 4.  *Baden v. Craig-Hallum, Inc.*, 115 F.R.D. 582, 586 n.4 (D. Minn. 1987); *see also Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (providing that if a defendant "was improperly served, the district court

lacked jurisdiction over that defendant whether or not it had actual notice of the lawsuit"); *Seretse v. Andersen Corp.*, No. 12-323, 2013 WL 2434876 at *3 (D. Minn. June 4, 2013).

Rule 4(i) governs serving the United States and its agencies, corporations, officers, or employees.  Fed. R. Civ. P. 4(i).  Rule 4(i) requires:

> (1) To serve the United States, a party must:
>
>> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to the assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>>
>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>>
>> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>>
>> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) To serve a United States agency . . . a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency[.]

Fed. R. Civ. P. 4(i)(1)(A–C).  Broadly, to serve a United States agency, a plaintiff must send the summons and the complaint to (1) the United States Attorney for the district where the action is brought, (2) the Attorney General of the United States, and (3) the agency

-5-

being sued. If proper service has not been completed within 90 days, Rule 4(m) requires the case be dismissed. Fed. R. Civ. P. 4(m). On a Rule 4(m) motion to dismiss, the Court first asks whether the plaintiff has demonstrated good cause for its failure to serve within the 90–day period. *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 612–13 (8th Cir. 2003). If the plaintiff demonstrates good cause, an extension of time is mandatory. *Id*. Absent good cause, the district court may, in its discretion, nevertheless grant an extension of time if plaintiff demonstrates excusable neglect. *Id*.

Here, Rule 4(i) applies because Heitkamp filed a complaint against the United States Postal Service, which is a federal agency. *See Kahsai v. Brennan*, No. 20-1060, 2021 WL 373375 at *1 (D. Minn. Feb. 3, 2021) (explaining that a plaintiff suing the United States Postal Service must comply with Rule 4(i)). However, Heitkamp did not complete Rule 4's plain requirements for serving a United States agency. There is no evidence that he served the Attorney General of the United States in Washington D.C. or the United States Attorney General for the District of Minnesota in Minneapolis, MN. Moreover, Heitkamp has not shown good cause for failing to serve them within the allotted 90 days. Because Heitkamp did not comply with Rule 4(i), the Court must dismiss his complaint without prejudice[4] pursuant to Rule 4(m).

---

[4] "Without prejudice" means that Heitkamp may refile this action in the future. *See Dismissed Without Prejudice*, Black's Law Dictionary (11th ed. 2019).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Docket No. 7] is **GRANTED**.  The case is dismissed without prejudice.

DATED:  November 23, 2022  
at Minneapolis, Minnesota.

                                                      JOHN R. TUNHEIM  
                                           United States District Judge